UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

JEN HOBAN d/b/a MASTERPIECE
VAPORS; THE PLUME ROOM LLC;
J.H.T. VAPE LLC; LAKES VAPE
SUPPLY LLC; and TOBACCO HARM
REDUCTION 4 LIFE,

      PLAINTIFFS,

v.                                                                                  Civil No. 18-269 (JNE/LIB)
                                                                         ORDER

UNITED STATES FOOD AND DRUG
ADMINISTRATION; SCOTT GOTTLIEB,
M.D., in his official capacity as
Commissioner of Food and Drugs; and
ALEX AZAR, in his official capacity as
Secretary of Health and Human Services,

      DEFENDANTS.

Defendants move to transfer this case pursuant to 28 U.S.C. § 1404(a) to the United States District Court for the District of Columbia. ECF Nos. 17, 19. Plaintiffs oppose the motion. ECF No. 24. As set forth below, the Court grants the motion.

## BACKGROUND

Four of the five Plaintiffs before this Court currently reside in Minnesota. Defendants are located in the D.C. metropolitan area. ECF No. 1. On January 30, 2018, Plaintiffs filed a Complaint against Defendants challenging the constitutionality of the FDA's "deeming rule." *Id.* The "deeming rule" "subjects e-cigarettes, vaping devices,

and other electronic nicotine delivery systems (among other products) to regulation under the Federal Food, Drug, and Cosmetic Act in much the same manner as cigarettes and smokeless tobacco." ECF No. 19 at 2.

Plaintiffs ask the Court to set aside the deeming rule for two reasons. First, they assert that the FDA promulgated the deeming rule in violation of the Appointments Clause of the United States Constitution. Second, they argue that a premarket review provision in the deeming rule violates the First Amendment. ECF No. 1.

On the same day counsel for Plaintiffs filed the above case in this Court, they filed a case in the United States District Court for the Northern District of Texas and in the United States District Court for the District of Columbia. *See Moose Jooce v. FDA*, 18-cv-203 (D.D.C.); *Rave Salon Inc. v. FDA*, 18-cv-237 (N.D. Tex.). The Texas and District of Columbia cases raise the same challenges against the same Defendants as those before this Court.[1] The sole difference is the Plaintiffs.

Defendants in the Texas case moved to transfer to the District of Columbia, and the district court in Texas granted the motion. ECF No. 28; *Rave Salon Inc. v. FDA*, 18-cv-237 (N.D. Tex. June 4, 2018), ECF No. 27. To consolidate all three cases, Defendants likewise move to transfer the case before this Court to the District of Columbia.

---

[1] All parties agree that the three cases raise identical challenges.

## **LEGAL STANDARD**

"For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."[2]  28 U.S.C. § 1404(a).  To resolve a motion to transfer, the Court must thus weigh three categories of factors: "(1) the convenience of the parties, (2) the convenience of the witnesses, and (3) the interests of justice."  *Terra Int'l, Inc. v. Miss. Chem. Corp.*, 119 F.3d 688, 691 (8th Cir. 1997).  As to the third category—the interests of justice—courts should consider the following factors, to the extent they are relevant:

> (1) judicial economy, (2) the plaintiff's choice of forum, (3) the comparative costs to the parties of litigating in each forum, (4) each party's ability to enforce a judgment, (5) obstacles to a fair trial, (6) conflict of law issues, and (7) the advantages of having a local court determine questions of local law.

*Id.* at 696.

Courts must undertake a "case-by-case evaluation of the particular circumstances at hand and a consideration of the relevant factors."  *Id.* at 691.  Though courts have "much discretion," they generally give "deference to a plaintiff's choice of forum." *Id.* at 695, 697.  The party seeking to transfer bears the burden of proving the need for it.  *Id.* at 695.

---

[2] All parties agree that venue is proper under 28 U.S.C. § 1391 in either Minnesota or the District of Columbia.

**DISCUSSION**

The balance of the above factors favors granting the motion to transfer.

I.      Convenience of the parties

Defendants argue that, "[i]nstead of simultaneously litigating three duplicative cases in . . . separate districts across the country, a transfer would enable the parties to 'save[] time and money by having to participate in proceedings in only one district.'" ECF No. 19 at 12-13 (quoting *Medtronic v. Am. Optical Corp.*, 337 F. Supp. 490, 497 (D. Minn. 1971)). Plaintiffs assert that Defendants' argument relates only to the convenience of counsel, which is irrelevant under § 1404. Plaintiffs instead maintain that Minnesota is more convenient because four of the five Plaintiffs currently reside here.

While the convenience of counsel is not a factor to consider in a § 1404 analysis, "the comparative costs to the parties of litigating in each forum" is a factor. *Terra Int'l*, 119 F.3d at 696. And the convenience to counsel of each forum impacts these costs.

Transfer to the District of Columbia would minimize the costs to both parties. Although Plaintiffs' counsel work pro bono, ECF No. 24 at 27, trying the case in Minnesota requires the use of local counsel. Transfer to the District of Columbia would eliminate this requirement, as Plaintiffs' counsel has an office in the D.C. metropolitan area. *Id.* Further, Plaintiffs' Complaint seeks "an award of reasonable attorney fees and costs." ECF No. 1 at 19. These fees and costs will be much higher if the motion to

transfer is denied and counsel for Plaintiffs here and in the District of Columbia must travel to multiple courts and undergo multiple rounds of dispositive motions. Similarly, transfer to the District of Columbia will minimize costs to Defendants and, by extension, the taxpayers.

Moreover, the 230,000-page administrative record is in the District of Columbia. ECF No. 19 at 3. Plaintiffs correctly note that "modern technology makes the physical location of the [230,000-page] administrative record" less important. ECF No. 24 at 28. Still, the Eighth Circuit has held that, "[w]hile electronic filing may lessen the inconvenience of document handling, if the need arises to refer to original documents or evidence in the litigation, [the venue holding the documents] would prove more convenient." *In re Apple, Inc.*, 602 F.3d 909, 914 (8th Cir. 2010). The location of the record in the District of Columbia thus carries some small weight.

For these reasons, even though some of the Plaintiffs reside in Minnesota, transfer to the District of Columbia is slightly more convenient for the parties.

II.     Convenience of the witnesses

Defendants explain that "this case involves a challenge to agency action under the Administrative Procedure Act and thus, it will be decided on the basis of the administrative record compiled by the agency—not discovery, witnesses, or a trial." ECF No. 19 at 14. Plaintiffs say nothing about witnesses. This category is neutral.

5

III.     The interests of justice

Plaintiffs argue that the interests of justice favor denial of the motion to transfer. As support, they emphasize the deference owed to their choice of forum. They also cite *United States v. Mendoza*, 464 U.S. 154 (1984), in which the Supreme Court recognized "the benefit it receives from permitting several courts of appeals to explore a difficult question." *Id.* at 160. The Supreme Court announced this policy preference when deciding to exempt the federal government from the normal rules of nonmutual offensive collateral estoppel.[3] Among other reasons for its holding, the Supreme Court stated that "[a]llowing only one final adjudication would deprive [the Supreme Court] of the benefit it receives from permitting several courts of appeals to explore a difficult question before [the] Court grants certiorari." *Id*. Plaintiffs argue that transfer would violate the policy announced in *Mendoza*, as it would limit review of Plaintiffs' constitutional challenges to one court.

But the Supreme Court has a different policy preference applicable to motions to transfer: It has "made quite clear that '[t]o permit a situation in which two cases involving precisely the same issues are simultaneously pending in different District Courts leads to the wastefulness of time, energy and money that § 1404(a) was designed to prevent.'" *Ferens v. John Deere Co.*, 494 U.S. 516, 531 (1990) (quoting *Cont'l Grain Co. v. Barge FBL-585*, 364 U.S. 19, 26 (1960)). Insofar as the two foregoing policy

---

[3] Nonmutual offensive collateral estoppel "occurs when a plaintiff seeks to foreclose a defendant from relitigating an issue the defendant has previously litigated unsuccessfully in another action against . . . a different party." *Mendoza*, 464 U.S. at 159 n. 4.

6

preferences conflict, the Court prioritizes the avoidance of wastefulness over the development of instructive circuit splits. The former furthers the purpose of § 1404; the latter does not.

Without transfer here, multiple judges will consider the same questions, review the same record, read the same briefs, and write opinions resolving the same issues. Section "1404(a) was designed to prevent" this wastefulness.[4] *Ferens*, 494 U.S. at 531.

The risk of inconsistent judgments exacerbates the waste of resources. Plaintiffs' complaints filed in Minnesota, the District of Columbia, and Texas[5] ask each court to "set aside" the deeming rule. *See* Compl., ECF No. 1; Compl., *Moose Jooce v. FDA*, 18-cv-203 (D.D.C. Jan. 30, 2018), ECF No. 1; Compl., *Rave Salon Inc. v. FDA*, 18-cv-237 (N.D. Tex. Jan. 30, 2018), ECF No. 1. Plaintiffs argue that this Court can tailor potential relief to avoid inconsistent judgments. But the District of Columbia may choose to honor the requested relief by issuing a broad injunction against enforcement of the deeming rule. *See, e.g.*, *Nat'l Mining Ass'n v. U.S. Army Corps of Eng'rs*, 145 F.3d 1399, 1409 (D.C. Cir. 1998) ("We have made clear that 'when a reviewing court determines that agency regulations are unlawful, the ordinary result is that the rules are vacated—not that their application to the individual petitioners is proscribed.'" (citation omitted)). There

---

[4] The waste is compounded by the disparity in pending cases per judgeship between the District of Columbia (280) and Minnesota (1,328). ECF No. 19 at 14. *See In re Apple*, 602 F.3d at 915 ("Docket congestion is a permissible factor to consider in deciding a § 1404(a) motion, but it is not 'by itself, a dispositive favor.'" (citation omitted)).

[5] As stated above, the district court in Texas transferred that case to the District of Columbia.

7

would then be inconsistent judgments if this Court were to deny relief or grant relief different from that in the District of Columbia. Transfer obviates this possibility.

In sum, transfer under § 1404(a) will "prevent the unnecessary expenditure of judicial resources, avoid wasteful and duplicative litigation, and avert the possibility of inconsistent judgments." ECF No. 19 at 1. Judicial economy therefore favors transfer and clearly overrides any deference owed Plaintiffs' choice of forum.

## CONCLUSION

The above factors weigh strongly in favor of transferring this case to the District of Columbia. Accordingly, IT IS ORDERED THAT:

1. Defendants' motion to transfer [ECF No. 17] is GRANTED.

2. This action is TRANSFERRED to the United States District Court for the District of Columbia.

3. The Clerk of the Court is directed to take all steps necessary to effectuate this transfer.

Dated: June 26, 2018

                                                            s/ Joan N. Ericksen
                                                            JOAN N. ERICKSEN
                                                            United States District Judge